IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| LINDA ANN THOMAS, | : | |
| | : | |
| Claimant | : | |
| | : | |
| v. | : | CASE NO. 4:10-CV-141 CDL-MSH |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |
| _____ | | |

### ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for disability insurance benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review on behalf of Claimant under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties have filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

### LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards

were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the claimant is working.  *Id.*  If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id.*  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's

failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

**I.      Did the ALJ err in failing to make a proper severity determination?**

**II.     Did the ALJ err in determining her residual functional capacity?**

## Administrative Proceedings

Claimant applied for Social Security disability insurance benefits (SSDI) and supplemental security income (SSI) on July 19, 2005, alleging disability as of August 17, 2000[2], due to carpal tunnel syndrome, hypertension, arthritis, hand, leg and foot pain and depression. (Tr. 27.) Claimant's applications were denied, and Claimant timely requested a hearing before an Administrative Law Judge ("ALJ"). The Claimant appeared before an ALJ for a hearing on February 2, 2009, and following the hearing, the ALJ issued an unfavorable decision on July 23, 2009. The Appeals Council ultimately denied Claimant's Request for Review on October 21, 2010 (Tr. 2-5), and this appeal followed.

## Statement of Facts and Evidence

In this case, the ALJ determined that for the period prior to June 14, 2003, the Claimant's previous denial of disability benefits was administratively final. (Tr. 13). He then found that Claimant's history of bilateral carpal tunnel syndrome, status post remote history of bilateral releases, was severe. (Tr. 15.) After taking evidence and considering

---

2 This is Claimant's second application for social security disability benefits. She previously filed for benefits on 2001, which were denied following an administrative hearing dated June 14, 2003, and from which no appeal was filed. (Tr. 13.)

the longitudinal record of Claimant's treatment as a whole, the ALJ found that Claimant had the residual functional capacity (RFC) to perform light work and that she could return to her past relevant work as a sewing machine operator. (Tr. 19.)

## DISCUSSION

I. **Did the ALJ err in failing to make a proper severity determination at step two?**

Claimant argues that the ALJ erred in failing to make a proper severity determination, thus failing to properly consider her combination of impairments. (Cl.'s Br. 9, ECF No. 8.) It is readily apparent on review that the issue before the court is whether, in addition to her carpal tunnel syndrome, which the ALJ found to be severe, the Claimant proved that she suffers from depression which, in combination with her other impairments, renders her unable to perform light work and particularly her past relevant work as a sewing machine operator.

Claimant asserts that legal error occurred because of the ALJ's "failure to make a severity determination" for a number of conditions including chronic renal insufficiency, chronic polyarhtritis, hypertension, fibromyalgia, degenerative disc disease, bilateral cubital tunnel syndrome, cervalgia and radiculopathy in addition to her principal complaint of depression. (Cl's. Br. at 9.) However, the Commissioner notes in his response that the ALJ found in Claimant's favor at Step 2 of the sequential analysis when he determined that she suffered from the severe impairment of bilateral carpal tunnel syndrome. (Comm'r. Br. 3, ECF No. 9.) The Commissioner cites as authority *Council v.*

*Barnhart,* No. 04-13128 at 4 (11th Cir. Dec. 28, 2004) for his contention that no error could be made at Step 2 so long as a severe impairment is found and the sequential analysis proceeds to subsequent steps to determine the Claimant's residual functional capacity for work, her ability to return to past work or work in jobs available in significant numbers in the national economy. The Commissioner's contention is well founded and correct and it is found that no error was made at Step 2 by the ALJ. *See Perry v. Astrue,* No. 07-15597, 2008 WL 2266315 (11th Cir. June 4, 2008).

## II.     Did the ALJ err in determining Claimant's residual functional capacity?

In assessing Claimant's residual functional capacity for work (RFC) the Claimant claims error in the ALJ's finding that the Claimant could return to past work. (Cl.'s Br. 6.) She specifically asserts that the failure of the ALJ to include any mental limitations in his RFC determination was error in light of the findings by examining medical professionals that Claimant suffered from depression on numerous occasions. (Cl.'s Br. 7.) The issue is whether the depression Claimant's alleges to suffer causes any functional limitations on her ability to perform work. The ALJ found that Claimant failed to meet her burden of demonstrating depression of such severity that she was precluded from basic work activities. (Tr. 16). The depression complained of appears in the record only intermittently and was treated on complaint with conservative measures. It was found by the ALJ to be sporadic and not disabling.

The Regulations state that Claimant bears the burden of proving that she is

6

incapable of performing her past relevant work, either as she performed it or as it is generally performed in the national economy. *See* 20 C.F.R. §416.920(a)(4)(iv), (f). After establishing that Claimant could return to her past relevant work, the ALJ is not required to go any further in the sequential evaluation. 20 C.F.R. §416.960(b)(3) ("If we find that you have the residual functional capacity to do your past relevant work . . . we will not consider your vocational factors of age, education, and work experience or whether your past relevant work exists in significant numbers in the national economy).

A review of the findings in this case demonstrates that the ALJ did not err in determining Claimant's residual functional capacity. Therefore, the burden shifted to Claimant to establish that she was unable to perform her past relevant work. In this case the ALJ found Claimant lacking in credibility as to her subjective complaints of pain, depression and the other various maladies she alleges relying in part on an investigation conducted by the Cooperative Disability Investigations Unit. (Tr. 16-17.)  Investigator Ernestine McCaskill provided ample evidence that Claimant routinely conducted her activities of daily living in a manner wholly contrary to her claimed limitations. (*Id.*) While Claimant alleged in November of 2005 that she could lift no more than a plate and had pain that prevented her from concentrating or retaining memories, Ms. McCaskill's thorough and wide ranging investigation in February of 2006 revealed that Claimant shopped weekly for groceries (including lifting the groceries without any help), ambulated without any assistive devices or limp, drove alone, gardened and picked up food stamps on time while walking with an unimpeded gait. (Testimony of Mary Stewart,

7

Taylor County DFCS Supervisor, Tr. 156, 172). Ms. McCaskill observed Claimant driving and walking in an ordinary fashion as well as unlacing her athletic shoes until such time as Ms. McCaskill identified herself and her purpose to Claimant when a "pronounced limp" appeared immediately and Claimant acted as though she were going to fall down. (Tr. 159, 175). It is found, then, that the ALJ's RFC determination is clearly supported by substantial evidence and no error was made.

Based on his evaluation of the medical evidence as a whole, along with the testimony of the Claimant, the ALJ found that Claimant retained the RFC to perform some of her past work, with limitations. (T-19, 20). He based that decision on his review of the medical records, on the evaluations of the consultative examiners and on the testimony of the Claimant herself, which he found less than fully credible. Accordingly, the ALJ applied the appropriate legal standards and his decision is supported by substantial evidence.

Claimant also asserts that the ALJ erred by not seeking the expert opinion and testimony of a vocational expert (VE) when he considered the nonexertional limitation of depression in making his residual functional capacity(RFC) assessment, rendering the RFC assessment improper. The Regulations state that the testimony of a vocational expert is relevant at steps four and five of the Commissioner's sequential analysis, when the question becomes whether a claimant *with a severe impairment* has the residual functional capacity to do past relevant work or other work. *See* 20 C.F.R. §§ 416.920(e) & (f), 416.945-.946 (emphasis added). This contention lacks merit in that the ALJ's

finding that Claimant could return to past relevant work precluded the need to elicit testimony from a VE.

As noted above, the court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner, but must decide if the Commissioner applied the proper standards in reaching a decision. Here, the ALJ applied the proper standards and supported his findings with substantial evidence in the record. As such, no error is found in the ALJ's evaluation of Claimant's impairments.

## CONCLUSION

WHEREFORE, it is hereby ordered that the decision of the Commissioner be **AFFIRMED**.

THIS the 11th day of January, 2012.

S/STEPHEN HYLES
UNTED STATES MAGISTRATE JUDGE